## Richmond

PAUL L. PEARMAN v. INDUSTRIAL RAYON CORPORATION.

March 6, 1967.

Record No. 6330.

Present, All the Justices.

*E. S. Solomon* (*G. J. Gregory*, on brief), for the plaintiff in error.

*Hale Collins* and *William T. Wilson*, for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

The sole question presented to us is whether an individual employee and member of a labor union may, under the facts of this case, sue his employer for a breach of a collective bargaining agreement between the said union and the said employer in a state court.

Paul L. Pearman filed, on April 22, 1964, a motion for judgment in the Circuit Court of Alleghany County, Virginia, against Industrial Rayon Corporation (Corporation). In his motion he alleged that he was a member of Virginia Textile Union (Textile Union); that Tex-

tile Union entered into a collective bargaining agreement with Corporation in 1959; that the agreement contained a provision that Corporation would compensate its employees with severance, vacation and holiday pay; that he (Pearman) was an employee of said Corporation until May 15, 1961; that he was given notice of the termination of his employment "due to the fact" that Corporation "closed its operations in Covington, Virginia," where he was employed; and that Corporation had failed to keep its agreement to pay him severance and vacation compensation. He prayed for a recovery of $3,743.60, plus interest. There was no allegation of unfair labor practice.

Corporation filed a responsive pleading and grounds of defense. It admitted that Pearman had been its employee from July 19, 1929 until May 15, 1961; that it had entered into the collective bargaining agreement with Textile Union; but denied that Pearman was entitled to any severance, holiday or vacation pay, because of the permanent shutdown of Corporation's plant, and of Pearman's failure to "fully meet the qualifications required by the contract."

In response to a request for admissions, § 8-111.1, Code of Virginia, 1950, Cum. Supp. 1966, Corporation admitted that it terminated the operations in its nylon plant in January, 1961, and the operations in its rayon plant in April, 1961; that it had consolidated its rayon textile yarn operations in its Ohio plant, and had moved a part of its material and equipment from the Covington, Virginia, plant to the Ohio plant for reasons of economy and more efficient operations; that Pearman had been employed by Corporation from July 19, 1929 until May 15, 1961; and that it did not give written notice to Textile Union of a desire to modify or terminate the 1959 agreement "as the contract was terminated by the action of Virginia Textile Workers Union, Independent, themselves."

Exhibits filed with the pleadings included the 1959 collective bargaining agreement, the printed "News Release" by Corporation stating that it would terminate its operation in its Covington plant, copies of several complaints charging Corporation with unfair labor practice, filed by Pearman and by District 50 United Mine Workers of America with the National Labor Relations Board (N. L. R. B.), copies of letters from the Regional Director of N. L. R. B. refusing to issue complaints on the charges upon the ground that "further proceedings were not warranted," and copies of letters from General Counsel of N. L. R. B., sustaining the rulings of the Regional Director.

Without any testimony being taken, Corporation, on March 29,

1965, moved to dismiss the action upon the following grounds: (1) that Pearman was not entitled to sue upon the 1959 contract, because he did not allege, and it did not appear from the pleadings, that he ratified the said contract; (2) that "This Court does not have jurisdiction of the subject matter in order to enforce the collective bargaining agreement, which is sought to be enforced by the plaintiff, *because this matter must be tried in a Federal Court*" (emphasis added); and (3) that Pearman had not complied with the grievance procedure set forth in the contract.

On June 17, 1965, the court entered judgment reciting that the case came on to be heard upon the motion to dismiss and "upon the exhibits and authorities filed therewith." It ordered that the allegations contained in ground No. 1 of the motion to dismiss be overruled, and continuing, stated: "It further appearing to the Court that *the allegations contained in ground No. 2 of said motion to dismiss should be sustained and that this Court does not have jurisdiction of the subject matter in the above case*, it is, therefore, adjudged, ordered and decreed that said case be and is hereby dismissed." (Emphasis added.)

The court then held that "since it appears to the Court to be unnecessary to consider the merits of ground No. 3 of said motion, the same is not passed upon at the present time."

Pearman objected and duly noted exceptions. He assigned error to the action of the court in dismissing the case upon the ground that it did not have jurisdiction of the subject matter, and in refusing to overrule the third ground of the motion to dismiss. We granted this writ of error.

We agree with Pearman that the trial court erred in dismissing his action. The holding is contrary to the statutes of Virginia, and to the Federal statutes as presently interpreted by the Supreme Court of the United States.

This proceeding was an action instituted to recover money of a greater value than $20.00. Virginia Code, 1950, § 17-123, 1960 Repl. Vol. It was brought in a county in which the alleged cause of action arose, Virginia Code, 1950, § 8-39, 1957 Repl. Vol., and the court had jurisdiction of the parties and the subject matter.

The Labor Management Relations Act (Taft-Hartley Act), § 301 (a), 61 Statutes 156 (1947), 29 U. S. C. A., § 185 a (1964), provides as follows:

"(a) Suits for violation of contracts between an employer and a

labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

Corporation, in its brief, contends that the trial court's ruling was based on the fact that the National Labor Relations Board had had the identical issues in appellant's (Pearman's) motion for judgment before it for consideration, had taken jurisdiction of the issues, and had refused to grant the relief sought. The evidence does not support the contention. The exhibits do show that charges of "unfair labor practices" were filed with the N. L. R. B.; but they do not show that the identical issues in the motion for judgment were ever considered by the N. L. R. B. On the contrary, N. L. R. B. refused to issue complaints based on the charges, and the rulings were sustained by general counsel for N. L. R. B.

The contention of Corporation is not presented in its grounds of defense, in its answer to the request for admissions, nor in its motion to dismiss. In its pleadings it relied on the termination of the operations of its plant in Covington, and its charge that the bargaining agreement was terminated by the action of Textile Union.

The determination of the question before us is governed by the principles expressed in *Dowd Box Co.* v. *Courtney*, (1962) 368 U. S. 502, 7 L. ed. 2d 483, 487, 82 S. Ct. 519; *Smith* v. *Evening News Association*, (1962) 371 U. S. 195, 9 L. ed. 2d 246, 83 S. Ct. 267; *United Construction Workers* v. *Laburnum Construction Corp.*, 194 Va. 872, 75 S. E. 2d 694, affirmed 347 U. S. 656, 98 L. ed. 1025, 74 S. Ct. 833; and *Gage Plumbing Supply Co.* v. *Local 300 I. H. C. U.*, (1962) 202 Cal. App. 2d 197, 20 Cal. Rptr. 860, 92 A. L. R. 2d 1223.

In the *Dowd* case, *supra*, an action was brought in a state court of Massachusetts by union officers against an employer for a judgment declaring valid a collective bargaining agreement made between the parties, and for other relief, including an accounting and damages. The sole question was whether the jurisdiction of the state court was divested by § 301 (a) of the Labor Management Relations Act of 1947. The Supreme Court sustained the jurisdiction of the state court. It held that § 301 (a) had not made the Federal courts the exclusive arbiters of suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting interstate commerce.

In the *Smith* case, *supra*, a member of a union brought suit against his employer in the Circuit Court of Wayne County, Michigan, alleging that the employer breached its contract with the union by refusing to permit the plaintiff to report for work while permitting non-union employees to work and receive full wages although there was no work available. The state court sustained the employer's motion to dismiss for want of jurisdiction, and the Supreme Court of Michigan affirmed on the ground that the subject matter of the suit was within the exclusive jurisdiction of the N. L. R. B. On appeal, the Supreme Court of the United States reversed, holding that the N. L. R. B.'s authority to deal with an unfair labor practice which also violates a collective bargaining contract does not destroy the jurisdiction of the courts under § 301 (a) of the Taft-Hartley Act, or suits to enforce individual rights concerning pay.

In the *Laburnum* case, *supra*, we held that the Labor Management Relations Act (Act) does not deprive a state court of its traditional power to hear and determine a tort action for unlawful conduct even though such conduct may constitute unfair labor practices. The Supreme Court of the United States, 347 U. S. 656, 98 L. ed. 1025, 74 S. Ct. 833, after reviewing the legislative history and purpose of the Act, affirmed and expressly held that the Act did not give the N. L. R. B. such exclusive jurisdiction over the subject matter of a common-law tort action as to preclude a state court from entertaining the issues in such an action although the issues might involve unfair labor practices.

In the *Gage* case, *supra*, a plumbing contractor sued a local union and its officers in a California state court, seeking an injunction against breach of a collective bargaining agreement and damages for alleged breach of the contract. The California court held that state courts have concurrent jurisdiction with Federal courts to award damages for breach of a collective bargaining agreement, and that the actual loss sustained as a direct result of the breach may be used properly as a measure of damages awarded. That court also held that the breach of a collective bargaining contract is not in itself an unfair labor practice, and that a state court is not deprived of jurisdiction over a suit for breach of a collective bargaining contract, because such breach is also an unfair labor practice.

See also 31 Am. Jur., Labor, § 329, pages 655, 656.

The cases relied on by Corporation have been reversed or disap-

proved by later decisions, or differ materially from the present case in the matter of facts.

In the present case there has been no showing that a Federal court has taken jurisdiction of the issues involved in the action of Pearman to recover wages alleged to be due, or that any complaint has been issued by General Counsel for N. L. R. B. concerning the matter, as required by U. S. C. A., Title 29, § 153, before such issue can be heard and determined by N. L. R. B.*

Thus, we hold that since the State and Federal Courts have concurrent jurisdiction of the subject matter involved in this case, the trial court erred in sustaining the motion to dismiss.

The questions relating to the termination or expiration of the collective bargaining agreement involved here are questions of fact, which may be presented to the trial court.

The judgment of the trial court is reversed, and the case remanded to the lower court for a trial upon the merits.

*Reversed and remanded.*

---

*Note 9. *Hourihan* v. *National Labor Relations Board*, (1952) 201 F. 2d 187, 91 U. S. App. D. C. 316, certiorari and rehearing denied in 1953.